UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AUDRAY JOHNSON, et al.                                                                    PLAINTIFFS

v.                                                                    CIVIL ACTION NO. 3:15cv223-DPJ-FKB

PATTY PECK HONDA, et al.                                                              DEFENDANTS

ORDER

This consumer-protection case is before the Court on Defendant Patty Peck Honda's Motion to Dismiss [6], Defendant Santander Consumer, USA's Motion to Dismiss [14], Plaintiff Audray Johnson's Motion to Amend Complaint [18] and Motion to Place Stay on Proceedings [19], and Plaintiff Linda F. Johnson's Motion to Be Dropped From Lawsuit [23]. For the reasons that follow, Defendants' Motions [6, 14] are granted, Linda F. Johnson's Motion [23] is granted, and Audray Johnson's Motions [18, 19] are denied, but he will be given another opportunity to seek leave to amend.

I.      Facts and Procedural History

The following averments from the complaint are considered true for the purposes of these Rule 12(b)(6) motions. On November 15, 2011, Plaintiffs Audray Johnson and Linda Johnson entered Patty Peck Honda, allegedly "to just window shop because they didn't have a down payment." Compl. [1] at 2. A finance officer for Patty Peck, upon learning that Plaintiffs could not make a down payment, instructed them to write post-dated checks, seemingly to obtain an auto loan from Santander. *Id.* According to Plaintiffs, Mr. Johnson was "doped up on high doses of Lithium" and therefore could not understand the illegality of the lending actions. *Id.*

Plaintiffs ultimately purchased a vehicle, and when they could not make the payments, they obtained "pay day loans," for which they are still paying today. *Id.* Mr. Johnson contacted

both Patty Peck and Santander concerning the situation, but "they both refused to help him." *Id.* at 3. As a result, Plaintiffs claim that "[t]heir credit has been ruined." *Id.* Plaintiffs allege that they are mentally disabled and that Defendants took advantage of their disability in making the sale and offering them a loan. *Id.* at 2 3.

Plaintiffs originally filed suit in this Court in case number 3:14cv635, alleging violations of consumer-protection laws and the Americans with Disabilities Act of 1990 ("ADA"). That case was dismissed when Plaintiffs failed to comply with the Court's order to pay the filing fee. *Johnson v. Patty Peck Honda*, No. 3:14cv635-HTW-LRA (S.D. Miss. Mar. 31, 2015). Following the Court's order to pay the fee in that separate action but prior to final dismissal Plaintiffs filed this new case, alleging the same causes of action. They were then granted *in forma pauperis* status, and the case proceeded. It is now before the Court on the above referenced motions.

II.     Standard of Review

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). To overcome a Rule 12(b)(6) motion, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citation and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

Finally, dismissal under Rule 12(b)(6) may be proper "where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (cited in *Jaso v. Coca Cola Co.*, 435 F. App'x 346, 351–52 (5th Cir. 2011) (also citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 at 714–21 (3d ed. 2004) ("[T]he inclusion of dates in the complaint indicating that the action is untimely renders it subject to dismissal for failure to state a claim.")).

III.  Analysis

    A.  Linda Johnson's Motion to Dismiss

Plaintiff Linda F. Johnson asks the Court to dismiss her from the case. Mot. [23]. That motion is granted. For simplicity's sake, for the remainder of this Order, the Court will refer to Audray Johnson as "Plaintiff."

    B.  Plaintiff's Motion to Stay

Plaintiff asks the Court to stay these proceedings "until Plaintiffs[] enter into a contract with hired Counsel 6/17/2015." Pl.'s Mot. [19] at 1. That date has long passed, and the docket

3

does not reflect an appearance by counsel on Plaintiff's behalf.  The motion is deemed moot and otherwise denied.

  C.  Defendants' Motions to Dismiss

Both Patty Peck and Santander moved to dismiss the original complaint.  Plaintiff did respond [9] to Patty Peck's motion, but simultaneously moved to amend the complaint.  Plaintiff never responded to Santander's motion.  Instead, he again moved to amend the complaint, adding facts concerning an agency relationship between Patty Peck and Santander as well as statements about his mental competency.  Construing Plaintiff's Motion to Amend as a concession of the Motions to Dismiss, those Motions [6, 14] are granted.

  D.  Plaintiff's Motion to Amend

Plaintiff seeks leave to amend the complaint, his second such motion.  Because the Court denied the first motion for failure to attach a proposed amended complaint, it did not address any specific deficiencies in the original pleading.  June 8, 2015 Order [11] at 1.

The Fifth Circuit Court of Appeals has held that "a plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibility [sic] result in dismissal of the complaint with prejudice to re-filing."  *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted).  This Court believes that the rule is especially true with *pro se* plaintiffs.  That said, while "a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so."  *Id.*

Defendants contend that the amended complaint is futile for three general reasons:  (1) Plaintiff failed to identify which statutes support his claims; (2) any potential claims are barred

by the applicable statutes of limitations; and (3) Plaintiff otherwise failed to state a claim upon which relief may be granted. The Court will take each issue in turn.

1. Failure to Identify Statutory Basis for Claim

Defendants correctly observe that the proposed amended complaint like the original complaint fails to state with any specificity which laws create the alleged cause of action. For example, the proposed amended complaint merely states that Defendants violated rights "protected by the Consumer's Protection Act and American[s] with Disabilities Act . . . ." Am. Comp. [18-1]. Of course there are many acts that protect consumers, and there are many components to the ADA.

But, Rule 8(a)(2) of the Federal Rules of Civil Procedure does not treat legal descriptions of a claim the same as factual averments. The United States Supreme Court explained the difference in *Johnson v. City of Shelby, Mississippi*, where the plaintiffs provided a short, plain statement of the facts related to an alleged constitutional violation but failed to reference 42 U.S.C. § 1983 as the basis of the claim. 135 S. Ct. 346, 347 (2014). The Court reversed dismissal, holding that "[h]aving informed the city of the factual basis for their complaint, [plaintiffs] were required to do no more to stave off threshold dismissal for want of an adequate statement of their claim." *Id.* The *Johnson* Court nevertheless instructed that on remand the plaintiff should be allowed to amend the complaint and reference § 1983. *Id.*

The Fifth Circuit has interpreted *Johnson* to mean that "[a] complaint need not cite a specific statutory provision or articulate a perfect 'statement of the legal theory supporting the claim asserted.'" *Smith v. Bank of Am., N.A.*, No. 14 41204, 2015 WL 3897848, at *2 (5th Cir. June 25, 2015) (quoting *Johnston* at 346 47); *see also Lee v. Columbia/HCA of New Orleans,*

*Inc.*, 611 F. App'x 810, 813 (5th Cir. 2015) (holding under liberal pleading standards for *pro se* plaintiffs that general reference to "'LSA R.S. 23:301 *et seq.*,' which is the Louisiana Employment Discrimination Law" satisfies *Johnson*). In the present case, the failure to identify the theory of the pleadings would not be a sufficient basis to dismiss the case or to rule that amendment would be futile.[1]

        2.        Statute of Limitations

Both Defendants also argue that any potential claims under consumer-protection laws or the ADA are time barred. In response, Plaintiff's proposed amended complaint invokes tolling and states that he was mentally incompetent until January 2014. *See* Am. Compl. [18-1] at 4. Neither Defendant addresses this purported basis for tolling in their oppositions to the motion to amend. *See generally* Patty Peck Resp. [22]; Santander Resp. [21]. In an earlier motion, Patty Peck briefly addressed a different tolling issue, but the argument was underdeveloped (if not inapplicable). *See* Patty Peck Mem. [7] at 6, n.1. The Court is not saying that Plaintiff's tolling argument has merit, but absent response from Defendants, the Court is not willing to explore the issue *sua sponte*.

Turning to Defendants' time-bar arguments, they contend that all potentially applicable statutes of limitations are as short as one year and no longer than three. *See* Patty Peck Mem. [7] at 6; Santander Resp. [15] at 5. But as Patty Peck notes in its response to the motion to amend, Plaintiff may have tangentially referenced the Equal Credit Opportunity Act ("ECOA"), 15

---

[1] As discussed below, the Court has attempted to liberally construe this *pro se* plaintiff's proposed amended complaint and identify the claims that he seems to pursue. He will then be given an opportunity, consistent with the approach in *Johnson*, to inform the Court whether its construction is correct, and if not, to identify the basis of his claims. *See* 135 S. Ct. at 347 (instructing that on remand plaintiff should be allowed to amend and identify basis of the claim).

U.S.C. § 1691, in the proposed amended complaint. *See* Patty Peck Resp. [10] at 1, n.1. And that statute was recently amended to provide a five (5) year statute of limitations. 15 U.S.C. § 1691e(f). Based on all of this, the Court would not find the proposed amended complaint futile based solely on the time-bar issue – at least not on the current briefing.

3. Failure to State a Claim

In many respects, Defendants are correct that the proposed amended complaint fails to state a claim. And, the failure to specifically reference any statutory basis for the claims makes it particularly difficult to determine what Plaintiff asserts. All of this is further clouded by the fact that Defendants have not offered substantive analysis of the potential causes, and Plaintiff has not responded to the arguments Defendants have made.

For the reasons that follow, the Court concludes that leave to file the currently proposed amended complaint should be denied, but that Plaintiff should be allowed to file another motion seeking leave to amend. That motion should include a proposed amended complaint that adequately remedies the deficiencies that will be noted.

a. ADA

Plaintiff generally contends that Patty Peck took advantage of his impaired mental state when it secured the disputed loan. He has not, however, explained which portion of the ADA would create a cause of action for this alleged misconduct. Patty Peck notes this issue and argues that the ADA does not offer relief for the alleged facts.

It seems clear that the claim would not fall under Subchapters I (employment), II (government services); or IV (miscellaneous provisions). The Court will therefore liberally construe the complaint as alleging a claim under Subchapter III, dealing with public

accommodations by private entities. 42 U.S.C. § 12182(a). If the Court is mistaken in that construction, Plaintiff must inform the Court in his next motion to amend and further identify any other provisions he believes apply.

As for Subchapter III, Patty Peck argues that it fails to protect Plaintiff from the conduct alleged in the complaint. Patty Peck Mem. [7] at 5. Subchapter III provides as follows:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). The statute then explains:

> It shall be discriminatory to subject an individual . . . on the basis of a disability or disabilities of such individual . . ., directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

42 U.S.C. § 12182(b)(1)(A)(i). And the Fifth Circuit interprets this section

> to prohibit an owner, *etc.*, of a place of public accommodation from denying the disabled access to the good or service and from interfering with the disableds' full and equal enjoyment of the goods and services offered. But the owner, *etc.*, need not modify or alter the goods and services that it offers in order to avoid violating Title III.

*McNeil v. Time Ins. Co.*, 205 F.3d 179, 188 (5th Cir. 2000).

According to Patty Peck, the statute has not been violated because Plaintiff was not "denied" a loan; he was granted one. Patty Peck Mem. [7] at 5. But aside from citing this general language from *McNeil*, Patty Peck has not directed the Court to any cases evaluating whether the ADA's anti-discrimination provisions would prohibit a covered entity from taking

advantage of a person with mental disabilities when offering services. And, of course, Plaintiff never responded to Patty Peck's argument that the alleged conduct fails to violate the ADA.

Patty Peck might be right, but the Court is not comfortable researching this issue without substantive input from the parties. Accordingly, if Plaintiff files another motion seeking leave to amend, he must specifically identify the ADA provision upon which he relies. If Defendants oppose the motion on these or similar grounds, then they must analyze the issue addressed in the preceding paragraph, and Plaintiff should file a reply providing a substantive legal response.

      b.  Consumer Protection

As with the ADA claim, Plaintiff has not identified the specific law he claims Defendants breached, though there are numerous federal statutes that protect consumers. His factual assertions in the proposed amended complaint are only marginally helpful. For example, it is not apparent that any federal statute covers a generic claim for "predatory lending tactics" as asserted in the proposed amended complaint. *See* Am. Compl. [18-1] at 4; *see also Bittick v. JPMorgan Chase Bank, NA*, No. 4:11-CV-812-A, 2012 WL 1372126, at *5 (N.D. Tex. Apr. 18, 2012) (noting that plaintiff failed to identify federal statue creating cause of action for predatory lending practices). Here again, the Court has not researched the issue in any depth as it has not been addressed by the parties.[2]

---

[2]It is conceivable that such practices   or the alleged contracting with a mentally impaired party   might state a claim under state law. Again, this issue has not been addressed, but the Court must liberally construe this *pro se* complaint, and it seems that state-law issues should be considered. *See Lee*, 611 F. App'x at 813 (reversing dismissal under Rule 12(b)(6) where court and parties focused on federal claims while failing to consider state-law claims). If Plaintiff files another motion to amend, then he must indicate whether he is asserting any state-law claims, and if so, what they are and how they are factually supported.

As previously noted, Plaintiff does reference an unreported decision from another court in his proposed amended complaint. Patty Peck inferred that this reference could be an effort to invoke the ECOA. 15 U.S.C. § 1691; *see* Patty Peck Resp. [10] at 1, n.1. That statute makes it "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race . . . ." *Id.* Though Plaintiff has not specifically cited the statute, he does state in the proposed amended complaint that Defendants engaged in "discrimination in order to secure a quick sale from a mentally disabled couple of African American descent." Am. Compl. [18-1] at 4. Taking the liberal approach, the Court will construe the proposed amended complaint as alleging a claim under the ECOA, § 1691(a). If Plaintiff disagrees with this construction, he must inform the Court in his next motion to amend and identify the correct basis for his claim.

As for § 1691(a), neither Defendant substantively addresses the statute, and the Court has not attempted to consider whether a plausible claim might exist under the circumstances. Instead, Defendants observe that the allegations related to the credit application are conclusory. The Court tends to agree. While Plaintiff states that he was discriminated against and that he is African American, Plaintiff must offer some facts that allow the "court to infer more than the mere possibility of misconduct . . . ." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Saying that he suffered discrimination and that he is African American is nothing more than an insufficient "naked assertion[] devoid of further factual enhancement." *Id.* at 678 (citation and quotation marks omitted); *see also Richards v. JRK Prop. Holdings*, 405 F. App'x 829, 831 (5th Cir. 2010) (per curiam) ("[A]ssertion of racial discrimination is a legal conclusion that the court is not required to accept and does not suffice to prevent a motion to dismiss.").

For this reason, the proposed amended complaint remains insufficient as to a claim under § 1691(a), assuming Plaintiff intended one. If Plaintiff seeks leave to amend, and if he is actually claiming that he was discriminated against because of his race, then he must state that claim and provide sufficient factual detail regarding his basis for saying that Patty Peck discriminated against him. *See Iqbal*, 556 U.S. at 555.

Having said that, other arguments found in Santander's briefs are not as compelling, and if the issues are again briefed, it will need to provide additional analysis. In particular, some of the statements Santander writes off as mere conclusions appear to be more factual. Plaintiff claims that Santander may be held responsible for Patty Peck's actions on agency grounds. While that is a legal conclusion, Plaintiff offers factual support, stating that Santander provided "guidelines" for obtaining credit; that it had no representatives on site; and that it "relied 100% on Patty Peck representatives in order to procure customers." Am. Compl. [18-1] at 3. These averments present factual content and offer more than a "[t]hreadbare recital of the elements of a cause of action . . . ." *Iqbal*, 556 U.S. at 678.

What all of this means is another matter. It may be that these facts, even as asserted, would fail to create an agency relationship or that such a relationship would fail to state a claim under the ECOA or the ADA (Subchapter III). But Santander has rested on the argument that the averments are too conclusory and has not otherwise addressed the legal implications of these facts. In other words, Defendant has not argued that the facts, if accepted as true, would fail to state a claim.

The ratification argument presents the same problem. According to Plaintiff, he called Santander claiming that he had been duped by Patty Peck and that Santander failed to rectify the

11

problem. Am. Compl. [18-1] at 3. These averments are not conclusory and must be accepted as true. *See Iqbal*, 556 U.S. at 678. But saying that this means Santander "ratified" Patty Peck's conduct is a legal conclusion that is not entitled to the presumption of truth. *Id.* So the question is whether the alleged refusal to provide relief amounts to actionable conduct under some consumer-protection law or the ADA. That issue has not been explored in the briefing.[3]

IV.     Conclusion

The Court has considered the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Defendants' Motions to Dismiss [6, 14] are granted, Plaintiff Audray Johnson's Motion to Amend Complaint [18] and Motion to Place Stay on Proceedings [19] are denied, and Plaintiff Linda F. Johnson's Motion to Dismiss [23] is granted.

Audray Johnson will, however, be given an opportunity to file another motion to amend. His motion should include a proposed amended complaint that addresses the deficiencies identified above. The Court further expects that Defendants will again oppose the motion, and when they do, they should address the legal issues identified herein. Johnson should file a reply that addresses the Defendants' arguments.

Finally, the Court concludes that this matter should proceed to case-management conference, and that the conference should be in person. The parties are therefore instructed to

---

[3]The Court is sympathetic to the Defendants' dilemma. Plaintiff is not represented by counsel, so his pleadings are not precise and he has struggled to express his claims. All of this leaves the Defendant guessing to some extent as to what should be covered. On the other hand, the Court is unwilling to dismiss this claim on technical pleading grounds without giving a potentially-impaired *pro se* plaintiff an opportunity to remedy the deficiencies. It is for these reasons that the Court has addressed its areas of concern. Hopefully this Order provides some guidance to all parties if these issues are revisited.

contact the magistrate judge to set the date. Johnson's deadline to move to amend will be set by the magistrate judge following the conference. The case is otherwise stayed until that conference occurs. The magistrate judge may thereafter lift the stay or keep it in place until it is determined whether Plaintiff can adequately plead a claim.

**SO ORDERED AND ADJUDGED** this the 1st day of October, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE