UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AUDRAY JOHNSON                                                                              PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:15cv223-DPJ-FKB

PATTY PECK HONDA, et al.                                                               DEFENDANTS

ORDER

This consumer-protection case is before the Court on pro se Plaintiff Audray Johnson's Motion for Reconsideration [40]. Having fully considered the premises, the Court concludes that the Motion should be denied.

I.      Background

The facts of this case have been described the Court's previous Orders granting Defendants Patty Peck Honda ("Patty Peck") and Santander Consumer, USA's ("Santander") Motions to Dismiss and denying Plaintiff Johnson's Motions to Amend. *See* October 1, 2015 Order [24]; March 18, 2016 Order [38]. The facts as set forth in those Orders are fully incorporated herein. As noted, the Court dismissed Johnson's lawsuit without prejudice on October 1, 2015, and instructed him to file a motion to amend his Complaint to address various deficiencies identified in the Order. *See* October 1, 2015 Order [24]. Johnson then proceeded to file three motions to amend, all of which were denied by Order of the Court on March 18, 2016. *See* March 18, 2016 Order [38]. Johnson's claims were dismissed with prejudice. *Id.* Following the entry of final judgment [39], Johnson filed the instant motion on March 29, 2016, seeking reconsideration of the Court's findings.

II.     Discussion

Rule 59(e) of the Federal Rules of Civil Procedure allows a court to alter or amend a judgment. But reconsideration "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). And "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "a motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (citation and internal quotation marks omitted).

In his Motion for Reconsideration, Johnson asserts that the Court has treated him with "total disdain" and was prejudiced against him, such as by "already [making] up in its mind that it was going to rule against the Plaintiff" prior to the parties' completing briefing on the Motions to Amend. Pl.'s Mot. [40] at 1. The motion is replete with indecent and offensive language, as well as unsubstantiated accusations directed toward the Court. *See, e.g.*, *id.* at 2 ("You people fear what you don't understand. I played by the rules and legally won, and then you people changed the rules because I won."). As noted previously, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Here, Johnson has not cited to any "manifest errors of law or fact" and has not presented any new evidence. In fact, he offers no facts relevant to his claims against Patty Peck and

Santander, but instead merely uses incendiary language to accuse the Court of misconduct. Such statements are manifestly without merit and are disregarded. Johnson has thus failed to comply with the requirements of Rule 59(e) and does not provide a proper basis for reconsideration. Accordingly, the Motion for Reconsideration is denied.

III.     Conclusion

The Court, having fully considered Johnson's arguments, finds that his Motion for Reconsideration is entirely without merit and is hereby DENIED.

**SO ORDERED AND ADJUDGED** this the 13th day of June, 2016.

>s/ *Daniel P. Jordan III*
>UNITED STATES DISTRICT JUDGE